UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| NICOLE ARCHIBALD and ELLEN OGAIAN on behalf of themselves and all others similarly situated, | : : : : |
| Plaintiffs, | : **09-CIV-2323 (LAP)** : : |
| - against - | : : |
| MARSHALLS OF MA, INC., a Delaware corporation; MARMAXX OPERATING CORPORATION, d/b/a MARMAXX GROUP, a Delaware corporation; THE TJX COMPANIES INC. a Delaware corporation, and DOES 1 through 100, inclusive, | : : : : : : |
| Defendants. | : |

-----------------------------------------------------------------x


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS OR TO STRIKE


Dated: New York, New York
       May 26, 2009

*Of Counsel:*

   Brett Bartlett
   Robert S. Whitman
   Jeremi L. Chylinski


SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants Marshalls of MA, Inc. and The TJX Companies, Inc.

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ..............................................................................................3

ARGUMENT ..................................................................................................................3

   I.  MOTION TO DISMISS STANDARD.................................................................3

   II.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF
      CAN BE GRANTED.........................................................................................4

      A.  Plaintiffs Have No Right To Overtime Under New York Law .....................5

      B.  Claims for Liquidated Damages May Not Be Pursued in a Class Action ....9

   III. CERTAIN ALLEGATIONS SHOULD BE STRICKEN FROM THE
      COMPLAINT ..................................................................................................10

      A.  The Request For Injunctive Relief Is Improper .........................................10

      B.  Plaintiffs' Reliance on Article 19 of the New York Labor Law is Improper .............11

   IV. MARMAXX GROUP IS NOT A PROPERLY NAMED DEFENDANT.......................11

CONCLUSION..............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ansonia Assocs. v. Ansonia Residents' Ass'n*,
78 A.D.2d 211, 434 N.Y.S.2d 370 (N.Y. App. Div. 1st Dep't 1980).....................................11

*Ansoumana v. Gristede's Operating Corp.*,
201 F.R.D. 81 (S.D.N.Y. 2001) ...........................................................................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................................3

*Boreali v. Axelrod*,
71 N.Y.2d 1, 523 N.Y.S.2d 464 (1987) ...............................................................................7

*City of New York v. State*,
94 N.Y.2d 577, 709 N.Y.S.2d 122 (2000) ..........................................................................11

*Coca-Cola Bottling Co. v. Bd. of Estimate*,
72 N.Y.2d 674, 536 N.Y.S.2d 33 (1988) .............................................................................8

*Colonial Life Ins. Co. of Am. v. Curiale*,
205 A.D.2d 58, 617 N.Y.S.2d 377 (3d Dep't 1994) .............................................................7

*Dutchess/Putnam Rest. & Tavern Ass'n v. Putnam County Dep't of Health*,
178 F. Supp. 2d 396 (S.D.N.Y. 2001) ..................................................................................7

*Foster v. Food Emporium*,
No. 99-CV-3860 (CM), 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000)....................9

*Gagen v. Kipany Productions, Ltd.*,
18 Misc. 3d 1144A, 2004 N.Y. Misc. LEXIS 3143 (Sup. Ct. Nov. 26, 2004), *aff'd in
part*, 27 A.D.3d 1042, 812 N.Y.S.2d 689 (3d Dep't 2006) ....................................................6

*Gallegos v. Brandeis Sch.*,
189 F.R.D. 256 (E.D.N.Y. 1999) .........................................................................................5

*Gleason v. Chain Serv. Restaurant*,
300 F. Supp. 1241, 1257 (S.D.N.Y. 1969), *aff'd*, 422 F.2d 342 (2d Cir. 1970) .......................4

*Gonzalez v. Nicholas Zito Racing Stable, Inc.*,
No. 04-CV-22 (SLT) (AKT), 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31,
2008) ..................................................................................................................................9

ii

*Health Ins. Ass'n v. Corcoran*,
    154 A.D.2d 61, 551 N.Y.S.2d 615, *aff'd*, 76 N.Y.2d 995, 564 N.Y.S.2d 713 (1990)..............7

*Hornstein v. Negev Airbase Constructors*,
    110 A.D.2d 884, 488 N.Y.S.2d 435 (2d Dep't 1985) ..................................5

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
    239 F.R.D. 363 (S.D.N.Y. 2007) ..............................................10

*Krichman v. J. P. Morgan Chase & Co.*,
    No. 06-CV-15305 (GBD), 2008 U.S. Dist. LEXIS 99481 (S.D.N.Y. Dec. 8, 2008) ...............9

*Lee v. ABC Carpet & Home*,
    236 F.R.D. 193 (S.D.N.Y. 2006) ..............................................10

*Leonard v. Dutchess County Dep't of Health*,
    105 F. Supp. 2d 258 (S.D.N.Y. 2000)..........................................7

*Miller v. Hekimian Labs., Inc.*,
    257 F. Supp. 2d 506 (N.D.N.Y. 2003), *aff'd*, 85 Fed. Appx. 266 (2d Cir. 2004)......................6

*Owens v. Morgan Stanley & Co.*,
    No. 96-CV-9747 (DLC), 1997 U.S. Dist. LEXIS 10351 (S.D.N.Y. July 16, 1997) ...............4

*People v. Frink Am., Inc.*,
    2 A.D.3d 1379, 770 N.Y.S.2d 225 (N.Y. App. Div. 4th Dep't 2003) ....................................11

*People v. Mobil Oil Corp.*,
    101 Misc. 2d 882, 422 N.Y.S.2d 589 (N.Y. Dist. Ct. 1979).....................................8

*Pesantez v. Boyle Envtl. Servs., Inc.*,
    251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dep't 1998) ................................9

*Questrom v. Federated Dep't Stores, Inc.*,
    41 F. Supp. 2d 294 (S.D.N.Y. 1999), *aff'd*, 242 F.3d 367 (2d Cir. 2001) ................................4

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. N.Y. 2007)..............................................3

*Scatico v. Columbia County Dep't of Health*,
    277 A.D.2d 689, 715 N.Y.S.2d 773 (N.Y. App. Div. 3d Dep't 2000) ....................................11

*Tierney v. Capricorn Investors, L. P.*,
    189 A.D.2d 629, 592 N.Y.S.2d 700 (1st Dep't 1993) ............................................6

*Toure v. Cent. Parking Sys.*,
    No. 05 Civ. 5237 (WHP), 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007)............10

*Town of Haverstraw v. Columbia Elec. Corp.*,
  237 F. Supp. 2d 452 (S.D.N.Y. 2002).....................................................................3

*Utah League of Insured Sav. Assocs. v. Utah*,
  555 F. Supp. 664 (D. Utah 1983)............................................................................8

*Von Bulow v. Von Bulow*,
  657 F. Supp. 1134 (S.D.N.Y. 1987)........................................................................4

## FEDERAL STATUTES

29 U.S.C. § 207(a)(1)...........................................................................................5

29 U.S.C. § 201 et seq..........................................................................................6\

## STATE RULES AND STATUTES

12 N.Y.C.R.R. § 142.2.2..............................................................................5, 6, 7, 8

CPLR § 901(b)......................................................................................................9

N.Y. Const. Article III, § 1 ...................................................................................6

N.Y. Exec. Law § 102(1)(c).................................................................................8

N.Y. Labor Law § 190, *et seq*.........................................................................9, 11

N.Y. Labor Law § 220 ..........................................................................................5

N.Y. Labor Law § 650, *et seq*.........................................................................9, 11

## OTHER AUTHORITIES

Gregory K. McGillivary, *Wage and Hour Laws, A State-by-State Survey* 1351 (2004) ...............10

Defendants Marshalls of MA, Inc. ("Marshalls") and The TJX Companies Inc. ("TJX") (collectively "Defendants") respectfully submit this Memorandum of Law in support of their motion: (1) to dismiss the claims asserted by Plaintiffs Nicole Archibald ("Archibald") and Ellen Ogaian ("Ogaian") (collectively "Plaintiffs") in their First Amended Class Action Complaint for Failure to Pay Overtime Wages,[1] in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; or, alternatively (2) to dismiss Plaintiffs' class action allegations pursuant to Rule 12(b)(6); (3) to strike the portion of the Complaint seeking injunctive relief, pursuant to Rule 12(f); (4) to strike the portion of the Complaint arising under Article 19 of the New York Labor Law, pursuant to Rule 12(f); and (5) to dismiss all claims against Marmaxx Operating Corporation d/b/a/ Marmaxx Group (the "Marmaxx Group").

## PRELIMINARY STATEMENT

In this action, Plaintiffs seek to represent a class of individuals who hold or have held the position of Assistant Manager in any of Defendants' Marshalls retail stores in New York State for the last six years.  (Compl. ¶¶ 1, 15)  They assert a single claim under the New York Labor Law ("NYLL") for failure to pay overtime compensation.  (*Id.* ¶¶ 31-36)

Plaintiffs have failed to set forth adequate grounds for *any* claim for relief under the NYLL.  Specifically, Plaintiffs allege that they are entitled to overtime pay for all hours worked in excess of forty hours in a week for a period of six years prior to filing their Complaint because Defendants' New York Assistant Managers have been misclassified as exempt from overtime.  (*Id.* ¶¶ 15, 33–34)  The NYLL, however, does not provide a statutory right to overtime and does

---

[1] For the Court's convenience, a copy of the First Amended Complaint is attached as Exhibit A. References to the Complaint appear as "(Compl. ¶ __)."

not impose a six-year statue of limitations for any such cause of action.  Thus, Plaintiffs'
Complaint has no legal basis and should be dismissed in its entirety.

Alternatively, because Plaintiffs failed to waive liquidated damages in their Complaint
and have alleged that Defendants "willfully" violated the NYLL (*id.* ¶¶ 4, 27) -- a basis for
imposing liquidated damages under the NYLL -- their Rule 23 class claim must be dismissed as
New York law expressly prohibits class actions to seek liquidated damages.

Additionally, Plaintiffs seek an order "enjoining the Defendants to cease and desist from
the unlawful classification of assistant managers as 'exempt' employees in violation of New
York Law."  (*Id.* ¶ 2 of *Prayer for Relief*)  An injunction is an equitable remedy.  It is well settled
that where adequate relief can be obtained by a money judgment, equitable relief is
impermissible.  Thus, Plaintiffs' request for injunctive relief should be stricken from the
Complaint.

Moreover, Plaintiffs base their claims for overtime, in part, on Article 19 of the NYLL.
(*Id.* ¶¶ 6, 18(d), 33, 36 and *Prayer For Relief* ¶ 2)  Article 19 is New York's Minimum Wage
Act.  Plaintiffs have not asserted any minimum wage violations in their Complaint.  Thus, to the
extent their claims rest on the Minimum Wage Act, those portions must be stricken as well.

Finally, Plaintiffs have improperly named the Marmaxx Group as a Defendant based on
their erroneous belief that the Marmaxx Group is an "employer of Plaintiffs and the proposed
class."  (*Id.* ¶ 12(b))  TJX, however, does not operate any stores in New York under the
Marmaxx Group trade name.  (Declaration of Joan Korzec-Brown ("Korzec-Brown Decl.") ¶¶ 5

& 6)[2]  The Marmaxx Group has no relationship to New York or any of Defendants' New York

stores.  (Korzec-Brown Decl. ¶ 6)  The Marmaxx Group is therefore not Plaintiffs' employer, as

defined under the NYLL, and should be dismissed from this action.

## STATEMENT OF FACTS[3]

Marshalls is the nation's second-largest off-price retailer.  (Compl. ¶ 1)  Plaintiff

Archibald was an Assistant Manager from September 2005 through September 2008 in the

Marshalls store located at 352 Baychester Avenue in the Bronx.  (*Id.* ¶ 10)  Plaintiff Ogaian was

employed as an Assistant Manager from June 2007 through August 2008 at the Marshalls store

located at 221 North Central Park Avenue in Hartsdale, New York.  (*Id.* ¶ 11)

## ARGUMENT

### I.   MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a cause of action is properly dismissed where the plaintiff fails to

state a claim upon which relief may be granted.  A motion to dismiss is therefore appropriate

where there is no legal basis for the requested relief.  In other words, a complaint should be

dismissed "when the allegations in a complaint, however true, could not raise a claim of

entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *Roth v. Jennings*,

489 F.3d 499, 517 (2d Cir. N.Y. 2007) (affirming dismissal of certain of plaintiff's complaint

where, even taken as true, no basis for entitlement to relief was demonstrated); *Town of*

*Haverstraw v. Columbia Elec. Corp.*, 237 F. Supp. 2d 452, 457 (S.D.N.Y. 2002) (granting

motion to dismiss plaintiff's punitive damages claim where "no legal basis" existed for such an

---

[2] To the extent this Court considers the Declaration of Joan Korzec-Brown, a document outside the Complaint, it may treat this motion as a motion for summary judgment.

[3] Defendants accept the facts alleged in the Complaint as true solely for purposes of this motion.

award); *Owens v. Morgan Stanley & Co.*, No. 96-CV-9747 (DLC), 1997 U.S. Dist. LEXIS 10351 (S.D.N.Y. July 16, 1997) (granting motion to dismiss and summary judgment where there was "no legal basis" for plaintiff's claims).

Similarly, Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike impertinent or immaterial claims will be granted where the claim "clearly can have 'no possible relation' to the matter in controversy," *Gleason v. Chain Serv. Restaurant*, 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969), *aff'd*, 422 F.2d 342 (2d Cir. 1970), or clearly has no bearing on the subject matter, *Von Bulow v. Von Bulow*, 657 F. Supp. 1134, 1146 (S.D.N.Y. 1987).  A motion to strike may be used, therefore, to eliminate portions of a complaint, including a prayer for relief, where the relief requested or the damages sought are not recoverable as a matter of law.  *See, e.g.*, *Questrom v. Federated Dep't Stores, Inc.*, 41 F. Supp. 2d 294 (S.D.N.Y. 1999) (granting defendant's motion to strike portions of plaintiff's prayer for relief), *aff'd*, 242 F.3d 367 (2d Cir. 2001).

To the extent this Court considers the Declaration of Joan Korzec-Brown, a document outside the Complaint, it may treat this motion as a motion for summary judgment.  Fed. R. Civ. P. 12(b)(6).  That document, the contents and authenticity of which cannot be disputed, confirms that the Marmaxx Group is not a properly named Defendant.  (Compl. ¶ 12(b))

## II.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiffs purport to represent a putative Rule 23 class consisting of themselves and other current and former New York-based Assistant Managers.  (Compl. ¶ 15)  Plaintiffs assert that Assistant Managers are non-exempt employees entitled to overtime pay under New York law and further allege that there is a six-year statute of limitations for such causes of action.  (*Id.* ¶¶

15, 25–27)  However, because the NYLL does not provide a statutory right to overtime and has not imposed a six-year statue of limitations for any such cause of action, Plaintiffs' Complaint must be dismissed in its entirety.

In the alternative, Plaintiffs have alleged that Defendants willfully violated the NYLL, an allegation central to a claim for liquidated damages under that statute.  Because New York law prohibits class actions to seek liquidated damages, Plaintiffs' Rule 23 class claim must be dismissed.

A.    **Plaintiffs Have No Right To Overtime Under New York Law**

Plaintiffs bring their single claim for relief seeking overtime wages pursuant to NYLL Articles 6 and 19, as well as 12 N.Y.C.R.R. § 142-2.2.  (Compl. ¶¶ 15, 25–27)  This claim is impermissible as a matter of law because the NYLL contains no provision for overtime pay.  *See, e.g.*, *Hornstein v. Negev Airbase Constructors*, 110 A.D.2d 884, 885, 488 N.Y.S.2d 435, 437 (2d Dep't 1985) (dismissing plaintiff's claim for overtime compensation under New York law because "New York does not have a mandatory overtime law"); *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 257 (E.D.N.Y. 1999) (denying as futile plaintiff's motion to amend complaint to add claim for "unpaid overtime wages," because NYLL creates no right to overtime).

Indeed, unlike federal law, which contains an explicit overtime payment requirement, the NYLL is simply silent on the matter.  *Compare* 29 U.S.C. § 207(a)(1) (requiring payment "at a rate not less than one and one-half times the regular rate" for hours worked in excess of forty per week) *with* NYLL § 220 (containing no such provision).  Moreover, while the NYLL does expressly provide for overtime for certain limited categories of workers, such as state public works employees, *see* NYLL § 220, there is no such explicit reference to overtime for other, unmentioned workers.

5

Rather, an employee has a valid claim for overtime payment under New York law only if she has a separate *contractual* right to such payment.  "The cardinal principles applicable to this case are that New York does not have a mandatory overtime law and that a plaintiff must have an enforceable *contractual right* for overtime wages to prevail on a claim for wages under the Labor Law."  *Gagen v. Kipany Productions, Ltd.*, 18 Misc. 3d 1144A, 2004 N.Y. Misc. LEXIS 3143, at *2 (Sup. Ct. Nov. 26, 2004) (emphasis added), *aff'd in part*, 27 A.D.3d 1042, 812 N.Y.S.2d 689 (3d Dep't 2006); *see also Tierney v. Capricorn Investors, L. P.*, 189 A.D.2d 629, 632, 592 N.Y.S.2d 700, 700 (1st Dep't 1993) ("[P]laintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages."); *Miller v. Hekimian Labs., Inc.*, 257 F. Supp. 2d 506, 519 (N.D.N.Y. 2003) (dismissing claim for unpaid commissions because plaintiff could show no contractual right to payment), *aff'd*, 85 Fed. Appx. 266 (2d Cir. 2004).  Plaintiffs do not and cannot allege that they had any such contractual right here.

The regulations promulgated by the New York State Commissioner of Labor, which Plaintiffs cite in their Complaint, do not alter this conclusion.  The relevant regulation states:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as Amended.

12 N.Y.C.R.R. § 142-2.2.  This regulation is invalid because it exceeds the authority delegated to the Commissioner under the NYLL.

Under the New York State Constitution, "the legislative power of this state shall be vested in the senate and assembly."  N.Y. Const. art. III, § 1.  The New York Court of Appeals has held that the Legislature makes the fundamental policy decisions for residents and businesses in this State, and cannot delegate those decisions to administrative agencies such as the

Department of Labor.  *See Boreali v. Axelrod*, 71 N.Y.2d 1, 9, 523 N.Y.S.2d 464, 468 (1987)

(invalidating regulation and holding that "the legislative branch of government cannot cede its

fundamental policy-making responsibility to an administrative agency"); *Leonard v. Dutchess*

*County Dep't of Health*, 105 F. Supp. 2d 258, 267 (S.D.N.Y. 2000) (Board of Health exceeded

authority as administrative agency because it "departed from merely following legislative

guidance and went forward into a legislating foray all its own"); *Health Ins. Ass'n v. Corcoran*,

154 A.D.2d 61, 71, 551 N.Y.S.2d 615, 623 (3d Dep't) (invalidating 11 N.Y.C.R.R. § 52.27 on

the basis that the Superintendent of Insurance had exceeded his powers in promulgating the

regulation because it was the legislature's responsibility to enact laws limiting an insurer's right

to assess and accept risks), *aff'd*, 76 N.Y.2d 995, 564 N.Y.S.2d 713 (1990); *Colonial Life Ins.*

*Co. of Am. v. Curiale*, 205 A.D.2d 58, 617 N.Y.S.2d 377 (3d Dep't 1994) (invalidating

regulations promulgated by Superintendent of Insurance because they added a requirement that

did not exist in the statute).

      This limitation on an agency's authority applies even where the agency operates under a

"broad enabling statute."  *See Boreali*, 71 N.Y.2d at 9, 523 N.Y.S.2d at 468 (agency cannot

"stretch" a "broad enabling statute" into "a basis for drafting a code embodying its own

assessment of what public policy ought to be"); *see also Dutchess/Putnam Rest. & Tavern Ass'n*

*v. Putnam County Dep't of Health*, 178 F. Supp. 2d 396, 402 (S.D.N.Y. 2001) ("[E]ven where an

enabling statute delegating power to an agency is itself valid, the agency's actions pursuant to the

enabling statute are invalid if the agency assumes that legislature's role of exercising the open-

ended discretion to choose ends.'").

      Moreover, even if the Commissioner could have used his authority to impose a

mandatory overtime requirement, he did not properly do so here because the applicable

regulation simply adopts the federal regulations on the subject.  *See* 12 N.Y.C.R.R. § 142-2.2
("An employer shall pay an employee for overtime at a wage rate of one and one-half times the
employee's regular rate in the manner and methods provided in and subject to the exemptions of
Section 7 and Section 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as
Amended, provided, however that the exemptions set forth in Section 13(a)(2) and 13(a)(4) shall
not apply.").  As such, the Commissioner improperly abdicated his purported rulemaking
authority to the U.S. Department of Labor.  Such delegation is improper because it permits future
overtime regulations not yet promulgated by the U.S. Department of Labor to automatically
become the law of New York State, without undergoing the usual legislative vetting process.
*See Coca-Cola Bottling Co. v. Bd. of Estimate*, 72 N.Y.2d 674, 680, 536 N.Y.S.2d 33, 36 (1988)
(state agencies may not properly delegate their obligations to other government bodies); *People
v. Mobil Oil Corp.*, 101 Misc. 2d 882, 887, 422 N.Y.S.2d 589, 592 (N.Y. Dist. Ct. 1979)
(invalidating county ordinance which incorporated standards of National Fire Protection
Association:  "[b]y enacting the association's amendments, prior to their adoption, the County of
Nassau has delegated to the National Fire Protection Association sovereign and legislative
power. . . . Such a procedure is an improper delegation of legislative authority, and therefore
unconstitutional"); *see also* N.Y. Exec. Law § 102(1)(c) (no amendment to any state code, rule
or regulation which includes in its text any United States statute, code, rule or regulation, shall be
effective unless filed with Secretary of State); *Utah League of Insured Sav. Assocs. v. Utah*, 555
F. Supp. 664, 674 (D. Utah 1983) ("[I]t is universally held that an incorporation by state statute
of rules, regulations, and statutes of federal bodies to be promulgated subsequent to the
enactment of the state statute constitutes an unlawful delegation of legislative power.").

**B.**   **Claims for Liquidated Damages May Not Be Pursued in a Class Action**

In the alternative, Plaintiffs' purported Rule 23 class claim should be dismissed because Section 901(b) of the C.P.L.R. expressly disallows a class action where the statute under which the action is being brought imposes a penalty.  Here, the NYLL provides for liquidated damages, which constitute a penalty under New York law.  Thus, Plaintiffs' class claim must be dismissed.

Section 198(1-a) of the NYLL provides that where an employee prevails on a claim for unpaid wages, she shall receive, "upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due."  *See also* NYLL §§ 663(1), 681.  Under New York law, liquidated damages are deemed a penalty.  *See Krichman v. J. P. Morgan Chase & Co.*, No. 06-CV-15305 (GBD), 2008 U.S. Dist. LEXIS 99481, at *2 (S.D.N.Y. Dec. 8, 2008) (liquidated damages under NYLL may constitute "penalties").  Plaintiffs specifically allege that Defendants willfully violated the NYLL.  (Compl. ¶¶ 4 & 27)

CPLR 901(b) provides:  "Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."  This provision has been held repeatedly to bar class actions seeking liquidated damages under the NYLL.  *See, e.g.*, *Pesantez v. Boyle Envtl. Servs., Inc.*, 251 A.D.2d 11, 12, 673 N.Y.S.2d 659, 660 (1st Dep't 1998) (claims under NYLL § 198(1-a) cannot be maintained as a class action pursuant to CPLR 901(b)); *Gonzalez v. Nicholas Zito Racing Stable, Inc.*, No. 04-CV-22 (SLT), 2008 U.S. Dist. LEXIS 27598, at *13 (E.D.N.Y. Mar. 31, 2008) ("[L]iquidated damages cannot be recovered in a class action."); *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 94-95 (S.D.N.Y. 2001) (liquidated damages may not be recovered as part of class action); *Foster v. Food Emporium,* No. 99-CV-3860 (CM), 2000 U.S.

Dist. LEXIS 6053, at *7 (S.D.N.Y. Apr. 26, 2000) ("[I]t is well settled that there is no collective action . . . under the wage and overtime provisions of the [NYLL].").

Instead, courts have held that putative class actions under the wage provisions of the NYLL may be maintained *only* if the plaintiffs waive their right to seek liquidated damages.  *See Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237 (WHP), 2007 U.S. Dist. LEXIS 74056, at *11 (S.D.N.Y. Sept. 28, 2007) ("Because Plaintiffs expressly waived any claim to liquidated damages in the . . . Complaint, their class action claims under the NYLL are not barred by § 901(b)."); *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (certifying class action on NYLL claims because plaintiffs waived their rights to liquidated damages, thus rendering § 901(b) inapplicable); *see also Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373-74 (S.D.N.Y. 2007) (New York law allows plaintiffs to waive their liquidated damages claim for overtime wage class actions "as long as putative class members are given the opportunity to opt out of the class in order to pursue their own liquidated damages claims") (quotations omitted).

Plaintiffs have *not* waived their right to liquidated damages and have alleged that Defendants "willfully" violated the NYLL.  (*Id.* ¶¶ 4, 27)  Accordingly, Plaintiffs' class action allegations are impermissible as a matter of law and should be dismissed.

## III.   CERTAIN ALLEGATIONS SHOULD BE STRICKEN FROM THE COMPLAINT

### A.   The Request For Injunctive Relief Is Improper

Although the Attorney General may seek injunctive relief for a violation of the NYLL in an appropriate case, the New York courts have not addressed whether an injunction is an available remedy for a private individual under New York wage and hour law.  *See* Gregory K. McGillivary, *Wage and Hour Laws, A State-by-State Survey* 1351 (2004).  Nevertheless, it is well settled in New York that an injunction is an improper remedy where, as here, adequate relief

can be obtained by a money judgment. *People v. Frink Am., Inc.*, 2 A.D.3d 1379, 1381, 770 N.Y.S.2d 225, 227 (N.Y. App. Div. 4th Dep't 2003); *Ansonia Assocs. v. Ansonia Residents' Ass'n*, 78 A.D.2d 211, 213, 434 N.Y.S.2d 370, 373 (N.Y. App. Div. 1st Dep't 1980); *see also City of New York v. State*, 94 N.Y.2d 577, 599, 709 N.Y.S.2d 122, 133 (2000); *Scatico v. Columbia County Dep't of Health*, 277 A.D.2d 689, 690, 715 N.Y.S.2d 773, 774-75 (N.Y. App. Div. 3d Dep't 2000). In addition, injunctive relief is not an appropriate remedy where plaintiffs seek relief for past injuries or to restore rights that have already been denied. *Frink Am., Inc.*, 2 A.D.3d at 1381, 770 N.Y.S.2d at 227. This Court should exercise its discretion under Rule 12(f) and strike that portion of paragraph 2 of the Plaintiffs' Prayer For Relief that seeks injunctive relief because such relief is improper in this case.

### B. Plaintiffs' Reliance on Article 19 of the New York Labor Law is Improper

Plaintiffs have not made any allegations in their Complaint about minimum wage violations. However, they appear to base their *overtime* claim in part on New York's Minimum Wage Act by asserting that they are bringing their cause of action pursuant to Article 19, §§ 650 *et seq.* of the NYLL. (Compl. ¶¶ 6, 18(d), 33, 36 and Prayer For Relief ¶ 2) Because Plaintiffs have not alleged any minimum wage violations in their Complaint (nor could they), this Court should strike the portions of paragraphs 6, 18(d), 33, 36 and paragraph 2 of the *Prayer for Relief* that cite to Article 19 of the Labor Law.

## IV. MARMAXX GROUP IS NOT A PROPERLY NAMED DEFENDANT

Plaintiffs have improperly named the Marmaxx Group as a Defendant. The Marmaxx Group is not Plaintiffs' employer, as defined under the NYLL. The NYLL defines an "employer" as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." *See* NYLL § 190. The Marmaxx Group, however, has no relationship to New York or any of Defendants' New York

11

stores.  (Korzec-Brown Decl. ¶¶ 5 & 6)  Thus, the Marmaxx Group should be dismissed from this action as it was not -- nor could it have been -- Plaintiffs' employer or the employer of any of the putative class members.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss the Complaint with prejudice in its entirety, or, in the alternative, dismiss Plaintiffs' class claim with prejudice, strike Plaintiffs' request for injunctive relief from the Complaint, strike the portions of the Complaint that cite to Article 19 of the Labor Law as a basis for overtime, dismiss Marmaxx Group from this action, and grant such other relief as may be just and proper.


Dated: New York, New York
       May 26, 2009

                                    Respectfully submitted,

                                    SEYFARTH SHAW LLP


                                    By:____s/ Jeremi Chylinski_____
                                         Robert S. Whitman
                                        [rwhitman@seyfarth.com]
                                          Jeremi Chylinski
                                        [jchylinski@seyfarth.com]
                                    620 Eighth Avenue, 32nd Floor
                                    New York, New York  10018-1405
                                    Tel.: (212) 218-5500
                                    Fax: (212) 218-5526

                                    *Attorneys for Defendants*

Of Counsel:

Brett Bartlett [bbartlett@seyfarth.com]
SEYFARTH SHAW LLP
1545 Peachtree Street, N.E., Suite 700
Atlanta, Georgia 30309-2401
Tel.: (404) 885-1500
Fax:  (404) 892-7056

**A**

Charles Gershbaum (CG 8447)
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:      (212) 545-1199
Facsimile:      (212) 532-3801
Email:          Charles@HGRlawyers.com

Shawn Khorrami, Esq.
Matt Bailey, Esq.
Dylan Pollard, Esq.
KHORRAMI POLLARD & ABIR LLP
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
Telephone:      (213) 596-6000
Facsimile:      (213) 569-6010
Email:          Skhorrami@kpalawyers.com

Attorneys for Plaintiffs:
Nicole Archibald and Ellen Ogaian





| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | Case No: 09-CIV-2323 LAP |
| NICOLE ARCHIBALD and ELLEN OGAIAN on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs.<br><br>                 -against-<br><br>MARSHALLS OF MA, INC., a Delaware corporation; MARMAXX OPERATING CORPORATION, d/b/a MARMAXX GROUP, a Delaware corporation; THE TJX COMPANIES INC. a Delaware corporation, and DOES 1 through 100, inclusive.<br><br>                          Defendants. | **FIRST AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO PAY OVERTIME WAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs NICOLE ARCHIBALD and ELLEN OGAIAN, (hereinafter "Plaintiffs"),

individually and as class representatives on behalf of all others similarly situated, by and through

their attorneys of record, allege as follows:

## PRELIMINARY STATEMENT

1.     Defendants, Marshalls of MA, Inc, Marmaxx Operating Corporation, d/b/a Marmaxx Group, and The TJX Companies Inc., (hereinafter "Defendants" or "Marshalls") own and operate approximately 734 "Marshalls" retail stores in 42 states, as well as 14 stores in Puerto Rico, and thereon claim that "Marshalls" is the second-largest off-price retailer in the United States. In the State of New York, upon information and belief, Defendants own and operate approximately 59 Marshalls stores.

2.     Upon information and belief, it is and continues to be Defendants' policy to deprive persons employed in the job position of "assistant manager," including Plaintiffs, of wages to which they are entitled under the law. Defendants' unlawful conduct includes, but is not limited to, requiring Plaintiffs and other workers similarly situated to work extensive overtime without paying them overtime wages based on a policy and practice of misclassifying persons employed in the job position of assistant manager as exempt.

3.     Defendants schedule assistant managers, including Plaintiffs, to work in excess of forty hours per week but failed and continue to fail to properly compensate such employees with overtime wages for hours worked in excess of forty per week.

4.     By engaging in the conduct described in this Complaint, Defendants willfully violated New York Labor Law by failing to pay its employees, including Plaintiffs, proper overtime wages as required by law.

## NATURE OF THE ACTION

5.     This action is brought to recover unpaid wages owed to Plaintiffs and all other similarly situated current and former assistant store managers of Defendants, as well as injunctive and declaratory relief against Defendants' unlawful actions, and attorneys' fees and costs.

6.     Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former assistant store managers of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, pursuant to the New York Labor Law Article 19, §§ 650 *et seq.*, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d), as amended by the CLASS ACTION FAIRNESS ACT OF 2005, in that:

(a)     At least one member of the class of plaintiffs is a citizen of a State different from at least one defendant within the meaning of 28 U.S.C. § 1332(d)(2)(A), as Named Plaintiffs are citizens of the State of New York,  Defendant, Marshalls of MA, Inc., is a Delaware Corporation with its principal place of business in Framingham, Massachusetts, Defendant, The TJX Companies, Inc., is a Delaware Corporation with its principal place of business in Framingham, Massachusetts, and Defendant, Marmaxx Operating Corporation, d/b/a Marmaxx Group, is a Delaware Corporation with its principal place of business in Framingham, Massachusetts;

(b)     The class of unnamed plaintiffs exceeds 100 in number within the meaning of 28 U.S.C. § 1332(d)(5)(B), as Defendants employed in excess of 100 assistant managers in their 59 New York store locations who, within the six year period preceding the filing of this action, were classified as exempt;

(c)     The claims asserted by the plaintiff class, aggregated as required by 28 U.S.C. § 1332(d)(6), exceed the sum of $5,000,000 within the meaning of 28 U.S.C. § 1332(d)(2);

(d)     The primary defendants are not States, State officials, or other governmental entities within the meaning of 28 U.S.C. § 1332(d)(5)(A);

(e)     Both 28 U.S.C. § 1332(d)(3) and 28 U.S.C. § 1332(d)(4)(B) are inapplicable to this action because, among other reasons, each Defendant named in this action is a "primary defendant" but no Defendant is a citizen of the state in which this action was originally filed;

(f)     28 U.S.C. § 1332(d)(4)(A) is inapplicable to this action because, among other reasons, none of the Defendants are citizens of the state in which the action was originally filed.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) as a substantial part of the acts and occurrences complained of by the Plaintiffs occurred therein.

## THE PARTIES

### Plaintiffs

10.     Plaintiff Nicole Archibald has at all relevant times been a resident of the State of New York and an employee of Defendants.  Between September 22, 2005 and September 18, 2008, Plaintiff Nicole Archibald was employed by Defendant as an Assistant Store Manager at the Marshalls store located at 352 Baychester Avenue, Bronx, New York 10475, misclassified as exempt, and erroneously denied overtime compensation.  Plaintiff Nicole Archibald brings this action on behalf of herself and the Rule 23 Class.  Plaintiff is, and at all relevant times herein was, a member of the Rule 23 Class described below.

11.     Plaintiff, Ellen Ogaian has at all relevant times been a resident of the State of New York and an employee of Defendants. Between June 2007 and August 2008, Plaintiff Ellen Ogaian was employed by Defendant as an Assistant Store Manager at the Marshalls store located at 221 North Central Park Avenue, Hartsdale, New York 10530, misclassified as exempt, and erroneously denied overtime compensation. Plaintiff, Ellen Ogaian brings this action on behalf of herself and the Rule 23 Class. Plaintiff is, and at all relevant times herein was, a member of the Rule 23 Class described below.

**Defendants**

12.     Defendant, Marshalls of MA, Inc. is a Delaware Corporation with its principal place of business in Framingham, Massachusetts. Defendant, The TJX Companies Inc, is a Delaware Corporation with its principal place of business in Framingham, Massachusetts. Defendant, Marmaxx Operating Corporation, d/b/a Marmaxx Group, is a Delaware Corporation with its principal place of business in Framingham, Massachusetts. At all relevant times herein, all Defendants were:

        (a)    Licensed to do business and doing business in the City, Counties, and State of New York;

        (b)    The employer of Plaintiffs and the proposed Class; and

        (c)    Responsible for misclassifying assistant managers as "exempt" employees and erroneously denying them overtime compensation.

13.     Plaintiffs are unaware of the true names, identities and capacities of Defendants sued herein as DOES 1-100. Plaintiffs will amend this Complaint to allege the true names and capacities of DOES 1-100 when ascertained. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and have proximately caused injuries and damages to Plaintiffs as set forth below.

14.     Plaintiffs are informed and believe, and based thereupon allege, that each of the Defendants, including DOES 1-100, was the agent, ostensible agent, servant, representative, associate, borrowed servant, employee and/or joint venturer of each other Defendants, and at all relevant times was acting in the course and scope of such agency, service, employment and/or joint venture, and with the consent, permission and/or ratification of the co-Defendants, and each of them.  Upon further information and belief, each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring and supervision of each and every Defendant as agent, servant, employee, and/or joint venturer.

## CLASS ALLEGATIONS

15.     Plaintiffs bring this action as a class action pursuant to New York Labor Law and Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

Description of Rule 23 Class:  All persons who are or have been employed by Defendants, within the State of New York, in the position of assistant manager, and were classified as exempt from overtime compensation at any time within the six (6) years prior to the filing of the original Complaint through the date of final disposition of this matter.

16.     Numerosity:  Although the precise number of such persons is not presently known to the Plaintiffs, Plaintiffs are informed and believe that the number of persons falling within in the Rule 23 Class identified above is well in excess of 100 people, rendering joinder of all such members is impracticable. Knowledge as to the precise number of class members is presently within the sole control of the Defendants.

17.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

18.   <u>Commonality</u>: The employment policies, practices, and agreements of Defendants raise questions of law and fact common to the Rule 23 Class, including:

(a)   whether Defendants have a policy of misclassifying assistant managers as "exempt" employees and denying them overtime compensation;

(b)   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

(c)   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

(d)   whether Defendants have failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime wages for hours worked in excess of forty hours per work week within the meaning the New York Labor Law Article 19, §§ 650 et seq., Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(e)   the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class.

19.   <u>Typicality</u>: The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Classes work or have worked for Defendants in its retail stores and have not been paid overtime wages for the hours that they have worked in excess of forty hours per week. Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

20.   <u>Adequacy of Representation</u>: Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Moreover, Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

21.     <u>Superiority of Class Action</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where the damages suffered by individual members of the Class may be relatively small and the expense and burden of individual litigation make it virtually impossible for Class members to vigorously prosecute a lawsuit against corporate defendants.  In cases such as this, the likelihood of individual Class members prosecuting separate claims is remote and class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and judicial system.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

22.     Members of Plaintiffs' proposed class are current and former employees of Defendants and have thus performed work for Marshalls, and/or on Marshalls' behalf, in the State of New York.

23.     At all times during their employment with the Defendants, assistant managers were required to work in excess of forty hours per week without receiving overtime compensation, in direct violation of state law.

24.     All of the work that Plaintiffs and Class Members performed has been assigned by the Defendants and/or the Defendants have been aware of all of the work that Plaintiffs and the Class Members performed.

25.     Although titled as "assistant managers" and treated as exempt from state overtime regulations, the primary duties required by Defendants of persons employed in the

positions of "assistant manager" include, but are not limited to stocking, pulling merchandise, cleaning and neatening the store, sweeping floors, unloading the trucks delivering merchandise, "run" rolling racks, bringing merchandise from stock rooms to fill areas on the sales floor, emptying shopping carts by department, cleaning behind registers, wiping counters, dumping trash, removing hangers and merchandise from registers, bagging merchandise, cleaning and removing clothing from fitting rooms, decorating the store according to pre-determined corporate "planograms," operating the store according to a predetermined corporate training manual, and performing other non-managerial duties.

26.     When it came to store organization and arrangement, Defendants did not delegate any discretion and judgment to its assistant managers and at all times required them to abide by corporate issued "planograms," detailing to the infinite degree the placement, organization, and appearance of merchandise, as well as the decorative nature of the store.

27.     Defendants do not allow its assistant managers to exercise any meaningful degree of independent discretion and judgment with respect to the exercise of their duties.  In fact, the vast majority of duties given to assistant managers did not substantially differ from those given to their subordinates.  Defendants' policy of classifying its assistant managers as exempt was nothing more than willful scheme to avoid the payment of overtime compensation to this set of employees.

28.     Upon information and belief, consistent with its policy and pattern or practice, Defendants did not keep accurate employment records as required by New York Labor Law.

29.     Consistent with Defendants' policy and pattern or practice of misclassifying persons employed in the job position of assistant manager as exempt, Plaintiffs regularly worked in excess of forty hours per week without being paid overtime wages.

30.     Upon information and belief, Defendants were or should have been aware that state law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week.

### FIRST CLAIM FOR RELIEF

**FAILURE TO PAY OVERTIME COMPENSATION**
**(New York Labor Law)**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

31.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

32.     At all times relevant to this action, each Plaintiff has been an employee and each Defendant has been an employer within the meaning of the New York Labor Law.

33.     At all relevant times herein, N.Y Comp. Codes R. & Regs. tit. 12, § 142-2.2, New York Labor Law Article 19, §§ 650 *et seq.* and Article 6, §§ 190 *et seq.*, required an employer, such as the Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

34.     Plaintiffs are informed and believe, and thereupon allege, that members of the putative Classes worked in excess of forty hours per week, and Defendants unlawfully failed to pay members of the putative Classes overtime wages as required by New York State law. Pursuant to N.Y Comp. Codes R. & Regs. tit. 12, § 142-2.2, Plaintiffs and the proposed Classes are entitled to recover their unpaid overtime compensation.

35.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiffs and the proposed Classes have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at the time of trial, plus interest.

36.     Plaintiffs, on behalf of themselves and the proposed Classes, seek recovery of

attorneys' fees and costs to be paid by Defendants, as provided by New York Labor Law.

Class Members are also entitled to receive notice and other relief pursuant to New York Labor

Law Article 19, §§ 650 et seq. and Article 6, §§ 190 et seq.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated

persons, prays for the following relief:

1.      For certification of the proposed "assistant manager" Class under Rule 23 of the
        Federal Rules of Civil Procedure;

2.      Issuance of a declaratory judgment that the practices complained of herein are
        unlawful under Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the
        supporting New York State Department of Labor regulations 12 N.Y.C.R.R. Part
        142 et seq, and for an order enjoining the Defendants to cease and desist from the
        unlawful classification of assistant managers as "exempt" employees as a
        violation of New York State Law;

3.      Designation of Representative Plaintiffs, Nicole Archibald and Ellen Ogaian, as
        representatives of the proposed "assistant manager" class, and their counsel of
        record as class counsel;

4.      Award Plaintiffs and the proposed Class their unpaid wages and unpaid overtime
        premium hourly wages due under the New York Labor Law;

5.      For general damages in an amount exceeding the jurisdictional limits of all the
        lower courts;

6.      For loss of earnings, according to proof;

7.      For restitution of all monies due to Plaintiffs and members of the proposed Class;

8. For cost of suit, including reasonable attorneys' fees and expert fees;

9. For such other and further relief as the court may deem just and proper;

10. Award Plaintiffs and the Class Members pre-judgment and post-judgment interest, as provided by law; and

11. Grant such other and further legal and equitable relief as this court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:  New York, New York
March 18, 2009

Respectfully submitted,

HEPWORTH, GERSHBAUM & ROTH, PLLC

By: _____
Charles Gershbaum (CG 8447)
Attorneys for Plaintiff(s)
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:   (212) 545-1199
Email:       Charles@HGRlawyers.com