USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/09

United States District Court
Southern District of New York

------------------------------------X
NICOLE ARCHIBALD and ELLEN OGAIAN :
on behalf of themselves and others :
similarly situated, :
:
    Plaintiffs, : 09 CV 2323 (LAP)
:
        -against- : MEMORANDUM and ORDER
:
MARSHALLS OF MA, INC., MARMAXX :
OPERATING CORP., d/b/a MARMAXX :
GROUP, AND THE TJX COMPANIES INC., :
and DOES 1 through 100, inclusive, :
:
    Defendants. :
:
------------------------------------X

LORETTA A. PRESKA, Chief U.S.D.J.:

    Plaintiffs, Nicole Archibald and Ellen Ogaian ("Plaintiffs"), bring this action on behalf of themselves and other former and current assistant store managers of New York locations of off-price retailer Marshalls of MA, Inc. ("Marshalls"). They claim that Marshalls, Marmaxx Operating Corporation, d/b/a Marmaxx Group ("Marmaxx"), and The TJX Companies Inc. (collectively, "Defendants") violated New York Labor Law by depriving assistant managers of overtime wages; Plaintiffs seek various forms of relief on behalf of themselves and the putative class. Defendants now move (1) to dismiss the Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) to dismiss Plaintiff's class action

1

allegations, pursuant to Rule 12(b)(6); (3) to strike portions of Plaintiff's Complaint seeking injunctive relief, pursuant to Rule 12(f); and (4) to dismiss the claims against Marmaxx. For the following reasons, the motion is DENIED.

I. Factual Allegations

Defendants own and operate approximately 746 Marshalls retail stores across this country, fifty-nine of which are in New York State. Plaintiff Nicole Archibald worked as an assistant store manager in a Bronx Marshalls from 2005 to 2008 (First Amended Complaint ("Compl.") ¶ 10); Plaintiff Ellen Ogaian was similarly situated in a Hartsdale location from 2007 to 2008 (id. ¶ 11). Plaintiffs claim that they and members of the proposed class were required to work in excess of forty hours a week without receiving any overtime compensation. (Id. ¶ 23.)

Plaintiffs contend that although they were titled "assistant store managers," and therefore exempt from state overtime regulations, they primarily performed non-managerial duties, including "stocking, pulling merchandise, cleaning and neatening the store, unloading trucks" and "dumping trash," among other duties. (Id. ¶¶ 25-26.) Additionally, Defendants did not permit their assistant managers to use any discretion as to the organization or appearance of the store or merchandise, instead directing them to follow corporate "planograms." (Id.

2

¶ 26.) In total, Plaintiffs allege that assistant manager duties did not differ significantly from those given to subordinates. (Id. ¶ 27.)

The Complaint alleges that these employees were labeled assistant managers to avoid the payment of overtime compensation, in violation of New York's Labor Laws. (Id. ¶¶ 27-28, 33). See N.Y. Lab. Law §§ 190 et seq. & §§ 650 et seq. (McKinney 2009); 12 N.Y. Comp. Codes R.& Regs., tit. 12, § 142 et seq. (2009). Plaintiffs ask (but have not yet moved for) this Court to certify a proposed assistant manager class under Rule 23 of the Federal Rules of Civil Procedure, with the named Plaintiffs as representatives of such a class (Compl., Prayer for Relief ¶ 1); to issue a declaratory judgment that the complained-of practices are unlawful and to enjoin the Defendants from continuing such practices (id. ¶ 2); and for damages, including unpaid overtime wages (id. ¶ 4), loss of earnings (id. ¶ 6), restitution (id. ¶ 7), and attorneys' and expert fees (id. ¶ 8). Defendants now move to dismiss or to strike.

II. Discussion

    A. Motion to Dismiss

"The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally

sufficient." Festa v. Local 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). This Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dunn & Bradstreet Corp., 483 F.3d 184, 191 (2d Cir. 2007). However, that "tenet . . . is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations and citations omitted).

### 1. Plaintiffs' Overtime Claim

Plaintiffs purport to represent a Rule 23 class of New York-based current and former assistant managers of Marshalls stores. (Compl. ¶ 15.) They claim that Defendants misclassified the putative class as exempt employees and therefore erroneously denied them overtime compensation for hours worked in excess of forty hours per work week. (Id. ¶ 29.) Defendants move for dismissal, arguing that the New York

4

Labor Laws "contain[] no provision for overtime pay."[1] (Defendants' Memorandum ("Defs.' Mem.") 5.) Defendants rely on two cases to support their argument. In the first, Hornstein v. Negev Airbase Constructors, 110 A.D.2d 884 (2d Dep't 1985), the Appellate Division, Second Department, held that "New York does not have a mandatory overtime law" but failed to cite any authority to support that proposition. Second, Defendants' reliance on Gallegos v. Brandeis Sch., 189 F.R.D. 256 (E.D.N.Y. 1999), is similarly unavailing, as that case simply relies on Hornstein and provides no further basis for its decision. Moreover, the Appellate Division, Second Department, has since rejected Hornstein and recognized the existence of overtime claims. See Ballard v. Community Home Care Referral Svc., Inc., 264 A.D.2d 747, 747 (2d Dep't 1999) (noting that although "[t]here are no provisions governing overtime compensation in the New York State Labor Law," the Commissioner of Labor was authorized to determine "that some form of overtime compensation was appropriate").

---

[1] Defendants assert that a claim for overtime payment is valid only when there is a contractual basis for such wages (Defs.' Mem. 6), citing Gagen v. Kipany Productions, Ltd., 18 Misc. 3d 1144(A) (Sup. Ct. Nov. 25, 2004) aff'd in part, 27 A.D.2d 1042 (3d Dep't 2006); Tierney v. Capricorn Investors, L.P., 189 A.D.2d 629 (1st Dep't 1993); and Miller v Hekimian Labs, Inc., 257 F. Supp. 2d 506 (N.D.N.Y. 2003) aff'd, 85 Fed. App'x 266 (2d Cir. 2004). However, none of these cases entails overtime claims. Instead, they involve claims for unpaid bonuses or commissions, which are not covered by the regulations and are predicated on contracts.

5

Even though Defendants deny the existence of an overtime requirement pursuant to New York Labor Law, they nonetheless acknowledge such regulations enacted pursuant to such laws. (Defs.' Mem. 6.) See N.Y. Comp. Codes R. & Regs., tit. 12, § 142.2-2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . ."). Although the New York Court of Appeals has not addressed the question, numerous courts, including the First, Second, and Third Departments in New York, have recognized that overtime claims may be brought pursuant to the regulations. E.g., Anderson v. Ikon Office Solutions, Inc., 38 A.D.3d 317, 317 (1st Dep't 2007) ("[S]ection 142-2.2 provides that under the state Minimum Wage Act, overtime shall be paid at 1 1/2 times the regular rate, subject to any exceptions in the federal statute." (citations omitted)); Ballard v. Community Home Care Referral Svc., Inc., 264 A.D.2d 747, 747 (2d Dep't 1999) ("In accordance with these empowering statutes, the Commissioner of Labor determined that some form of overtime compensation was appropriate and issued the Miscellaneous Wage Order found at [section 142-2.2]."); Scott Wetzel Svcs. Inc. v. N.Y. State Bd. of Indus. Appeals, 252 A.D.2d 212, 213 n.* (3d Dep't 1998) ("An employer is obligated to pay an employee overtime pay in the manner and method provided in and subject to the exemptions set forth in the [Fair Labor Standards Act]." (citing N.Y. Comp.

Codes R. & Regs. tit. 12, § 142-2.2)); accord Zheng v. Liberty Apparel Co., 355 F.3d 61, 65 (2d Cir. 2003) ("N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 . . . require[s] employers to compensate employees at one-and-one-half times the regular rate when an employee works in excess of 40 hours per week."); Robles v. Copstat Sec., Inc., No. 08-CV-9572, 2009 WL 1867948, at *2 (S.D.N.Y. June 29, 2009) ("The Minimum Wage Act and its implementing regulations provide for a private cause of action for the recovery of unpaid overtime."); Andrade v. JP Morgan Chase Bank, N.A., No. 08-CV-3703, 2009 WL 2899874, at *4 & n.1 (E.D.N.Y. Sept. 4, 2009) (noting that "the cases recognizing the validity of New York's overtime regulation are legion"); Centeno-Bernuy v. Becker Farms, 564 F. Supp. 2d 166, 180 (W.D.N.Y. 2007) (noting that although the New York Labor Laws do not themselves provide for overtime compensation, "[p]ursuant to those statutes, the Commissioner of Labor has determined that overtime compensation is appropriate").

Defendants' contention that these regulations are invalid because the Commissioner was improperly delegated the authority to impose a mandatory overtime requirement is without merit. (Defs.' Mem. 7-8.) To begin, the Commissioner is explicitly authorized to "issue such regulations governing any provision of [the Labor Law] as he finds necessary and proper." N.Y. Lab. Law § 21[11]. Furthermore, he can "appoint a wage board to

7

inquire into and report and recommend adequate minimum wages and regulations," id. § 653(1), and can "issue regulations upon such recommendations by the wage board," id. § 656. The wage board is granted the authority to "recommend such regulations as it deems appropriate to carry out the purposes of this article and to safeguard minimum wages. Such recommended regulations may include . . . overtime or part-time rates." Id. § 655(b)(5).

A plain reading of these statutes clearly demonstrates the legislature's express direction and intention that the Commissioner have the authority to issue regulations governing overtime pay rates, and there is no indication that the Commissioner exceeded the powers granted to him by the Legislature. See, e.g., Boreali v. Axelrod, 71 N.Y.2d 1 (1987); Levine v. Whalen, 39 N.Y.2d 510, 515 (1976) (noting that "the Legislature cannot pass on its law-making functions to other bodies, but there is no constitutional prohibition against the delegation of power, with reasonable safeguards and standards, to an agency or commission to administer the law as enacted by the Legislature" (citations omitted)).

Finally, Defendants attack the validity of the regulation by arguing that it improperly incorporates sections 7 and 13 of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., because it automatically incorporates amendments to the federal statute. (Defs.' Mem. 8.) I disagree with Defendants'

interpretation of the regulation, which does not purport to adopt automatically revisions to the U.S. Code. The regulation adopts the FLSA provisions as of the time of its enactment. See N.Y. Comp. Codes R. & Regs., tit. 12, § 142.2-2. Because incorporating federal statutes and regulations is permissible under New York law as long as it is done in accordance with the requirements set forth in N.Y. Exec. Law § 102, Defendants' argument has no merit.

Ultimately, the recognition of the validity of the regulations by numerous courts, including the Second Circuit, further supports their validity. See, e.g., Zheng v. Liberty Apparel Co., 355 F.3d at 65 (noting overtime requirement of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2).

2.  Plaintiff's Class Claim

Defendants move in the alternative to dismiss Plaintiff's Rule 23 class claim because N.Y. C.P.L.R. § 901(b) bars class actions where a plaintiff seeks liquidated damages. See N.Y. C.P.L.R. § 901(b) (McKinney 2009) ("Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."). Because liquidated damages for failure to pay wages are available where defendants have acted willfully, N.Y. Lab.

Law § 198[1-a], as Plaintiffs allege here (Compl. ¶¶ 4 & 27), Section 901(b) would ordinarily bar a class action suit.

Both parties agree, however, that New York law permits class actions where plaintiffs waive their right to seek liquidated damages.[2] The parties disagree over whether Plaintiffs must waive that right in the Complaint or can do so at a later stage in the proceedings. First, Plaintiffs correctly note that the Complaint does not seek liquidated damages. (Pls.' Opp'n 19.) This, in and of itself, might be enough to defeat Defendants' motion to dismiss. See Cox v. Microsoft Corp., 8 A.D.3d at 40 (affirming motion court's finding that N.Y. C.P.L.R. § 901(b) is inapplicable where plaintiffs expressly sought only actual damages). Second, this argument need not be considered "prior to certification of Plaintiffs as a class." Patel, 2009 WL 2358620, at *9 (finding, in a judgment on the pleadings, that "[d]ismissal on this ground is inappropriate. Assuming that Plaintiffs' proposed class is subsequently certified, Plaintiffs will have the opportunity to waive any claim to liquidated damages and pursue only class action relief, provided that the class members are able to opt-

---

[2] See, e.g., Patel v. Baluchi's Indian Restaurant, No. 08-CV-9985, 2009 WL 2358620 (S.D.N.Y. July 30, 2009); Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y 2001); Cox v. Microsoft Corp., 8 A.D.3d 39 (1st Dep't 2004); Pesantez v. Boyle Envtl. Servs., 251 A.D.2d 11 (1st Dep't 1998).

out of the class to pursue their own individual claims for liquidated damages"); see also Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363 (S.D.N.Y. 2007) (permitting waiver at certification).

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

B.  Motion to Strike

1.  The Request for Injunctive Relief Is Proper

Defendants also move to strike from the Complaint Plaintiffs' request to enjoin Defendants "to cease and desist from the unlawful classifications of assistant managers as 'exempt' employees as a violation of New York State Law." (Compl., Prayer for Relief ¶ 2.) Defendants argue that "where adequate relief can be obtained by money judgment, there is no need for equitable relief [because] the money judgment suffices" and "injunctive relief is not an appropriate remedy where [a plaintiff] seeks relief for past injuries." People ex rel. Spitzer v. Frink Am., Inc., 2 A.D.3d 1379, 1381 (4th Dep't 2003). In this instance, however, Plaintiffs contend that the wrongful conduct is continuing—thus, a money judgment will not provide adequate relief to the class—and an injunction may be an appropriate remedy. Because the request for injunctive relief is not "redundant, immaterial, impertinent, or scandalous," Fed.

R. Civ. P. 12(f), I decline to strike the portions of the Complaint requesting such relief.

### 2. References to New York's Minimum Wage Act Are Appropriate

Defendants also move to strike all references to New York's Minimum Wage Act, N.Y. Lab. Law, art. 19, § 650 et seq., arguing that Plaintiffs have not alleged any minimum wage violations. (Defs.' Mem. 11.) As already discussed above, the allegations that Defendants violated New York's overtime regulations arise under the Minimum Wage Act; therefore Defendants' motion to strike is DENIED.

### C. Allegations as to Marmaxx Group

Finally, Defendants move to dismiss the claims against Marmaxx, contending that it is not Plaintiff's employer, as defined under New York's Labor Laws. As already noted above, this Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy, 483 F.3d at 191. Here, Plaintiffs allege that Marmaxx was "[l]icensed to do business and doing business in the City, Counties, and State of New York," and that it was "[t]he employer of Plaintiffs and the proposed class" and "[r]esponsible for misclassifying assistant managers as 'exempt' employees and erroneously denying them overtime compensation." (Compl. ¶ 12.) These allegations are

sufficiently pleaded to maintain the claims against Marmaxx.[3] Therefore, Defendants motion to dismiss Marmaxx as a defendant is DENIED.

---

[3] In their memoranda, each party submits extrinsic evidence to bolster their respective arguments over whether Marmaxx is Plaintiff's employer. "'[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)). But, conversion is not required where a court's decision is not affected by matters outside the pleadings. See, e.g., Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999); Wellnx Life Scis. Inc. v. Iovate Health Scis. Research Inc., 516 F. Supp. 2d 270 (S.D.N.Y. 2007). Defendants' motion will not be converted into a motion for summary judgment. Accordingly, I will not consider the materials extraneous to the Complaint.

III. Conclusion

For the foregoing reasons, the Motion to Dismiss or to Strike [dkt. no. 8] is DENIED. The parties shall confer and inform the Court by letter no later than November 20, 2009, as to how they propose to proceed.

SO ORDERED:

Dated:  New York, New York

November 12, 2009

*Loretta A. Preska*

LORETTA A. PRESKA, Chief U.S.D.J.